IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROSS NEELY SYSTEMS, INC. | § § § | |
| Plaintiff | § § | |
| VS. | § § | CIVIL ACTION NO. 3:13-cv-01587-M |
| NAVISTAR, INC. and NAVISTAR INTERNATIONAL CORPORATION, | § § § § | |
| Defendants. | § | |

**PLAINTIFF'S EMERGENCY MOTION FOR A STAY OF THE PROCEEDINGS, OR IN THE ALTERNATIVE, FOR A TRANSFER OF VENUE**

Plaintiff Ross Neely Systems, Inc. ("Ross Neely") respectfully requests that this Court enter an order staying all proceedings in this action until the United States Judicial Panel on Multidistrict Litigation rules on the motion filed by interim lead counsel in *In re Navistar Maxxforce Engines Marketing, Sales Practices & Prods. Liab. Litig.*, MDL No. 2590, to transfer this case to the Northern District of Illinois so that it may be coordinated with other cases involving similar facts and claims. (*See* Exhibit 1 (MDL Plaintiffs' Motion to Transfer *Ross Neely*, MDL No. 2590, Dkt. 121).) The Judicial Panel on Multidistrict Litigation recently issued an accelerated briefing schedule to ensure that the matter will be briefed and heard in the next few weeks. (*See* Exhibit 2 (*In re Navistar*, MDL No. 2590, Dkts. 122, 123).). In the alternative, Ross Neely respectfully asks this Court to transfer the case to the Northern District of Illinois of its own accord. *See* 28 U.S.C. § 1404(a).

As the Court knows, this case involves hotly contested and heavily litigated issues of law and fact, and ongoing discovery—including expert discovery—and motion practice related thereto. Many if not most of these issues, and much of this discovery, will be duplicated and litigated in the MDL. The sole purpose of this motion is to avoid unnecessary duplication of

effort and expenditure of time and resources by the courts and the parties, and promote the "just and efficient" conduct of this litigation. *See* 28 U.S.C. § 1407(a); *see also* Fed. R. Civ. P. 1 (noting that the Federal Rules should be construed to secure the "just, speedy, and inexpensive determination of every action and proceeding").

## I.     BACKGROUND

This case is one of more than a dozen federal lawsuits involving virtually identical allegations against Defendants Navistar, Inc. and Navistar International Corporation (collectively, "Navistar"). The actions arise from "alleged defects in Navistar's Advanced EGR emission control system that was used in Navistar's MaxxForce diesel engines. In all the actions, plaintiffs allege that trucks or other heavy-duty vehicles in which these engines were installed suffered repeated failures and fault warnings, resulting in costly and time-consuming repairs." (*In re Navistar Maxxforce Engines Marketing, Sales Practices & Prods. Liab. Litig.*, MDL No. 2590, Dkt. 86 ("JPML Transfer Order") at 2 (attached as Exhibit 3).)

Navistar asked the Panel to transfer and coordinate all of these actions—including this case—emphasizing that all the cases "involve similar claims and allegations, and as such, consolidated pretrial proceedings would promote the just and efficient conduct of these actions, as it would assist in centralizing discovery, eliminate the risk of inconsistent pretrial decisions (including inconsistent class decisions) and assist in coordination with the various state courts in which related actions are pending." (*In re Navistar*, MDL No. 2590, Dkt. No. 1 at 2) (attached as Exhibit 4).)

The Panel transferred ten of the then-pending eleven cases to the Northern District of Illinois, recognizing that it was "a convenient and accessible forum with the resources to devote to this litigation," and that "[t]he Honorable Joan B. Gottschall, to whom we assign these actions, is an experienced transferee judge who will steer this litigation on an efficient and prudent

course." (Exhibit 3, JPML Transfer Order, at 2.) All subsequently filed cases have been transferred as well.

This case was the sole exception. Ross Neely initially opposed the inclusion of this case in the MDL, as it had "advanced farther than any of the other actions." (*In re Navistar Maxxforce Engines Marketing, Sales Practices & Prods. Liab. Litig.*, MDL No. 2590, Dkt. No. 48 at 1) (attached as Exhibit 5).) The Panel agreed, concluding that "the *Ross Neely* action … should not be included in the centralized proceedings." (Exhibit 3, JPML Transfer Order, at 2.) But as the Court knows, this matter is no longer scheduled to be tried in February. Moreover, the transferee judge overseeing the MDL—Judge Joan B. Gottschall—has jump-started the coordinated proceedings by setting forth a number of deadlines for discovery, briefing, and the filing of a consolidated master complaint. (*In re Navistar*, Case No. 14-cv-10318 (N.D. Ill.), Dkt. No. 54 (scheduling order).) Given the accelerating pace of the MDL, Judge Gottschall inquired whether *Ross Neely*'s exclusion from the MDL still "makes the most sense." (*In re Navistar*, Case No. 14-cv-10318 (N.D. Ill.), (excerpt of transcript of April 10, 2015 status conference) at 27 (attached as Exhibit 6).)

In addition, Ross Neely is currently: (i) preparing to take depositions of additional Navistar representatives and experts, all of which would be a common benefit to the other cases pending in the MDL; (ii) preparing to file yet another motion to compel production and for sanctions against Navistar for failing to comply with the Court's Order Granting in Part and Denying in Part Plaintiff's Motion to Compel Production from Defendants, Motion to Overrule Objections and Motion for Sanctions (Dkt. No. 126); and (iii) facing the likelihood that it will be forced yet again to seek a continuance of the trial of this case as a result of Navistar's continued failure and refusal to make full and complete production of those documents sought by Ross

Neely and ordered by the Court to be produced.[1] Accordingly, Ross Neely now believes that coordination with the other cases in the MDL would minimize the costs of litigation for all parties, and would also preserve judicial resources.

The MDL plaintiffs have filed a motion with the Judicial Panel on Multidistrict Litigation requesting transfer of this case, and Ross Neely did not object. (*See* Exhibit 1). The Judicial Panel on Multidistrict Litigation responded by issuing an accelerated briefing schedule to ensure that the matter will be briefed and heard in the next few weeks. (*See* Exhibit 2 (*In re Navistar*, MDL No. 2590, Dkts. 122, 123) (ordering Navistar to respond by May 8, 2015; ordering Plaintiffs to reply a week later; and scheduling a hearing for May 28, 2015).). Ross Neely respectfully requests that this Court stay the proceedings until that motion is resolved. In the alternative, Plaintiff respectfully asks this Court to transfer this case to the Northern District of Illinois under 28 U.S.C. § 1404(a).

---

[1] Although Plaintiff has consistently avoided seeking a continuance of this matter, Defendants' late and incomplete production of discovery originally requested over one year ago has forced Plaintiff's to seek the original continuance of the trial in this case. As Plaintiff has rushed to review the more than 1.3 million pages of documents that Defendants produced only after they ordered to do so by the Court, it has become obvious that there is still a significant number of documents missing from Defendants' production, for which Plaintiff will now be forced to seek another order compelling production. Assuming the Court will once again order Defendants to produce those documents sought by Plaintiff, said production would likely take place on the eve of the trial of this matter unless Plaintiff seeks yet another continuance in order to complete discovery.

[2] Plaintiff anticipates that Navistar will complain that it will be prejudiced by such a stay, but that is highly unlikely. In fact, courts often deem the opposite to be true: where a defendant would have to simultaneously litigate multiple suits in different courts that could yield inconsistent judgments, a stay lessens the risk of prejudice. *See Falgoust v. Microsoft Corp.*, Case No. 00-cv-0779, 2000 U.S. Dist. LEXIS 5417, at *2 (E.D. La. 2000) ("[Defendant] would suffer a considerable hardship and inequity if forced to simultaneously litigate multiple suits in

## II. ARGUMENT

### A. This Court Should Stay the Proceedings Pending the JPML's Decision.

This Court has broad discretion and authority to stay proceedings as incidental to its power to control its own docket. *See Clinton v. Jones*, 520 U.S. 681, 706-07 (1997); *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). A federal district court's power to stay an action "is incidental to the power inherent in every court to control the disposition of the cause on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254.

Courts traditionally determine whether a stay is appropriate by weighing the hardship and inequity to the moving party if the action is not stayed, the potential prejudice to the non-moving party, and the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated. *See, e.g.*, *U.S. Bank, N.A. v. Royal Indem. Co.*, Case No. 02-cv-0853, 2002 U.S. Dist. LEXIS 17837, at *4-5 (N.D. Tex. Sept. 23, 2002).

Courts in this Circuit routinely grant stays pending a decision by the JPML regarding whether or not to transfer a case. *Id.* at *4-6 ("If the MDL motion is granted, all the Court's time, energy, and acquired knowledge regarding the action and its pretrial procedures will be wasted."); *Halliburton Energy Servs. v. BP Exploration & Prod.*, Case No. 11-cv-3392, 2012 U.S. Dist. LEXIS 5661 (S.D. Tex. Jan. 18, 2012) (granting stay pending JPML decision); *Meinhart v. Halliburton Energy Servs.*, Case No. 11-cv-0073, 2011 U.S. Dist. LEXIS 36430 (S.D. Tex. Apr. 4, 2011) (same); *Nguyen v. BP Exploration & Prod., Inc.*, Case No. 10-cv-2484, 2010 U.S. Dist. LEXIS 80068 (S.D. Tex. Aug. 9, 2010) (same); *Miranda v. Ocwen Fin. Corp.*, Case No. 07-cv-0034, 2007 U.S. Dist. LEXIS 23389 (W.D. Tex. Mar. 30, 2007) (magistrate's recommendation to grant stay pending JPML decision); *Hall v. Chattem, Inc.*, Case No. 02-cv-2704, 2003 U.S. Dist. LEXIS 3929 (N.D. Tex. Mar. 14, 2003) (same).

Here, any risk of prejudice is minimized by the JPML's decision to issue an accelerated briefing scheduling, which ensures that the matter will be decided in the next few weeks. *See Kennedy v. Novartis Pharms. Corp.*, Case No. 02-2331, 2002 U.S. Dist. LEXIS 17266, at *5 (E.D. La. Sept. 12, 2002) (no prejudice would result from a "three to four week delay," which would be "clearly outweighed by the benefit of judicial efficiency and avoidance of inconsistent rulings"); *see also La. Stadium & Exposition Dist. v. Fin. Guar. Ins. Co.*, Case Nos. 09-235, 09-2738, 2009 U.S. Dist. LEXIS 35004, at *1 (E.D. La. Apr. 2, 2009) (granting stay eighteen days before responsive pleadings were due in the JPML).

A stay of the proceedings "increase[s] efficiency and consistency, particularly when the transferor court believes that a transfer order is likely and when the pending motions raise issues likely to raise issues likely to be raised in other cases as well." *Curtis v. BP Am., Inc.*, 808 F. Supp. 2d 976, 981 (S.D. Tex. 2011) (quoting Manual for Complex Litigation (Fourth) § 22.35 (2004)). And courts recognize that it makes no sense to continue with proceedings when there is a risk that the court will soon lose jurisdiction over the matter in the near future. *U.S. Bank, N.A. v. Royal Indem. Co.*, 2002 U.S. Dist. LEXIS 17837, at *2 (N.D. Tex. Sept. 23, 2002) (deeming stay to be the most efficient course of action).[2]

Ross Neely respectfully submits that these considerations merit a stay of the proceedings pending the JPML's decision. Such a stay would avoid piecemeal litigation, as well as the needless waste of judicial and party resources.

---

[2] Plaintiff anticipates that Navistar will complain that it will be prejudiced by such a stay, but that is highly unlikely. In fact, courts often deem the opposite to be true: where a defendant would have to simultaneously litigate multiple suits in different courts that could yield inconsistent judgments, a stay lessens the risk of prejudice. *See Falgoust v. Microsoft Corp.*, Case No. 00-cv-0779, 2000 U.S. Dist. LEXIS 5417, at *2 (E.D. La. 2000) ("[Defendant] would suffer a considerable hardship and inequity if forced to simultaneously litigate multiple suits in multiple courts.").

B.     **In the Alternative, This Court Should Transfer the Case.**[3]

Under 28 U.S.C. § 1404(a), a district court may transfer any civil case "[f]or the convenience of parties and witnesses, in the interest of justice, . . . to any other district or division where it might have been brought." The purpose of section 1404(a) "is to prevent the waste 'of time, energy, and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26-27 (1960)); *accord In re Volkswagen of Am., Inc.*, 545 F.3d 304, 311 (5th Cir. 2008).

This case could have been brought in the Northern District of Illinois, because that is Navistar International's principal place of business. Dkt. 1 (complaint) at 1; *see* 28 U.S.C. § 1391(b)(1), (c)(2). The only remaining question, therefore, is whether the transfer would promote the "convenience of the parties and witnesses" and serve "the interests of justice." *accord In re Volkswagen*, 545 F.3d at 311.[4] The answer to that question is "yes."

---

[3]     This Court has the power to transfer the case regardless of what the JPML decides. *See Vehimax Int'l, LLC v. Jui Li Enter. Co.*, Case No. 09-cv-6437, 2010 U.S. Dist. LEXIS 42801, at *20-22 (C.D. Cal. Mar. 16, 2010) (transferring case after JPML denied a separate motion to transfer); *Williams v. Delta Airlines, Inc.*, Case No. 6:09-cv-1056, 2009 U.S. Dist. LEXIS 70044, at *2 (M.D. Fla., July 28, 2009) (transferring a case while a motion to transfer was pending with the JPML); *In re Raymond Lee Org., Inc. Sec. Litig.*, 446 F. Supp. 1266, 1268 n.4 (J.P.M.L. 1978) ("[A] denial of transfer under Section 1407 [is] not dispositive of a Section 1404(a) motion.") (citation omitted). In fact, the JPML has "has often stated that centralization under Section 1407 should be the last solution after considered review of all other options," and that "Section 1404(a), in particular, is sometimes preferable." *In re Gerber Probiotic Prods. Mktg.*, 899 F. Supp. 2d 1378, 1379-80 (J.P.M.L. 2012) (citation and quotation marks omitted). If the case is transferred, Ross Neely will likely file a motion with the transferee judge so that it may join the MDL. *See* J.P.M.L. Rule 7.2 (Potential tag-along actions filed in the transferee district do not require Panel action. A party should request assignment of such actions to the Section 1407 transferee judge in accordance with applicable local rules.").

[4]     The Fifth Circuit has listed a number of additional factors that may be considered, although none are dispositive. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (per curiam). These include the relative ease of access to sources of proof; the availability of

*Footnote continued on next page*

Indeed, just six months ago, Navistar argued that transferring this case to the Northern District of Illinois "would promote the just and efficient conduct of these actions, as it would assist in centralizing discovery, eliminate the risk of inconsistent pretrial decisions (including inconsistent class decisions) and assist in coordination with the various state courts in which related actions are pending." (*In re Navistar Maxxforce Engines Mktg., Sales Practices & Prods. Liab. Litig.*, MDL No. 2590, Dkt. No. 1 at 2.). Navistar maintained that even though this case was at an advanced stage of the proceedings, it "believe[d] that transfer and consolidation of *Ross Neely* is nonetheless appropriate." (*Id.* at 9 n.1.) And as time has progressed, it has become increasingly clear that transfer will reduce, not increase, the costs of litigation. Experts have just been identified and are soon to be deposed, and this will consume significant time, energy, and cost for all parties. At least some of these costs will need to be duplicated in the MDL, and there is no reason why they should be repeatedly expended in several jurisdictions. Nor is there any reason why multiple judges should be required to issue rulings on the same questions that are sure to arise in parallel cases.

Navistar may complain that this motion comes too late, but that argument would not consider the MDL context present here. Since all the cases in the MDL share overlapping facts and intersecting legal claims, any costs Navistar expended here necessarily reaped benefits that can be used in other MDL cases as well. *See In re PPA Prods. Liab. Litig.*, 460 F.3d 1217, 1230

---

*Footnote continued from previous page*

compulsory process to secure attendance of witnesses; the cost of attendance for willing witnesses; all other practical problems that make trial of a case easy, expeditious and inexpensive; the administrative difficulties flowing from court congestion; the local interest in having localized interests decided at home; the familiarity of the forum with the law that will govern the case; and the avoidance of unnecessary problems of conflict of law, or in the application of foreign law. *Id.* Plaintiffs respectfully submit that all these factors weigh towards the Northern District of Illinois—that is why Navistar asked the JPML to transfer this case to that venue.

(9th Cir. 2006) (noting that an MDL "is a special breed of complex litigation where the whole is bigger than the sum of its parts"); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, MDL No. 1827, 2014 U.S. Dist. LEXIS 32207, at *63-64 (N.D. Cal. Feb. 3, 2014) (appointing special master to determine fees and costs given the "interrelated and overlapping nature of this complex MDL proceeding"). Navistar cannot claim that it will be prejudiced simply because it must face the same claims in a different forum. *Cf. Manshack v. Southwestern Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990) (even when plaintiff voluntarily dismisses her case at a late stage of the litigation, defendant does not suffer prejudice by the "mere prospect of another lawsuit" or because "plaintiff may obtain some tactical advantage thereby") (quotation and citation omitted).

### III. CONCLUSION

For the foregoing reasons, Ross Neely respectfully requests that this Court grant its motion to stay this action until the JPML has addressed its motion to transfer this matter pursuant to 28 U.S.C. § 1407. In the alternative, Ross Neely respectfully asks the Court to transfer this case to the Northern District of Illinois under 28 U.S.C. § 1404(a).

Respectfully Submitted,

BASDEN & IVIE
A Professional Corporation

By:  /s/ Elizabeth Basden
Elizabeth Basden
State Bar No. 24034317
eli@basdenivie.com
John H. Ivie, III
State Bar No. 24032463
john@basdenivie.com
17300 Dallas Parkway, Suite 3160
Dallas, Texas 75248
(972) 381-8700 (telephone)
(972) 248-9405 (facsimile)

and

GRANT & EISENHOFER P.A.

Adam J. Levitt
Illinois State Bar No. 6216433
alevitt@gelaw.com
John E. Tangren
Illinois State Bar No. 6279906
jtangren@gelaw.com
30 North LaSalle Street, Suite 1200
Chicago, Illinois 60602
(312) 214-0000 (telephone)
(312) 214-0001 (facsimile)

and

LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP

Kristen Law Sagafi
California State Bar No. 222249
klaw@lchb.com
275 Battery Street, 29th Floor
San Francisco, California 94111-3339
(415) 956-1000 (telephone)
(415) 956-1008 (facsimile)

Jonathan D. Selbin
New York State Bar No. 3948684
jselbin@lchb.com
Jason L. Lichtman
New York State Bar No. 4966107
jlichtman@lchb.com
250 Hudson Street, 8th Floor
New York, NY 10013
(212) 355-9500 (telephone)
(212) 355-9592 (facsimile)

**ATTORNEYS FOR PLAINTIFF
ROSS NEELY SYSTEMS, INC.**

## CERTIFICATE OF CONFERENCE

      Plaintiff's Counsel certifies that he has conferred with counsel for Defendants who are opposed to the relief sought in the foregoing motion. Due to the urgent nature of the relief sought, Plaintiff files the foregoing motion without the requisite Joint Status Report. Plaintiff is awaiting Defendants' position statement to be incorporated into the Joint Status Report and will file the Joint Status Report as soon as Defendants' position statement is received.

                                               /s/ John Ivie
                                             John Ivie

## CERTIFICATE OF SERVICE

      The undersigned counsel hereby certifies that a copy of the foregoing document was served on the following counsel via ECF notification on the 21st day of April, 2015 in accordance with the Federal Rules of Civil Procedure and Local Rule 5.1(d).

Jeffrey S. Patterson
Angela Gordon
Tyler Stuart
HARTLINE DACUS BARGER DREYER LLP
8750 North Central Expressway, Suite 1600
Dallas, Texas 75231
**ATTORNEYS FOR DEFENDANTS**

                                             /s/ John Ivie
                                             John Ivie