IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ROSS NEELY SYSTEMS, INC.,          §
                                   §
            Plaintiff,             §
                                   §
V.                                 §            No. 3:13-cv-1587-M-BN
                                   §
NAVISTAR, INC., ET AL.,            §
                                   §
            Defendants.            §

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S
EMERGENCY MOTION FOR A STAY OF THE PROCEEDINGS OR,
IN THE ALTERNATIVE, FOR A TRANSFER OF VENUE**

Plaintiff Ross Neely Systems, Inc. has filed an Emergency Motion for a Stay of the Proceedings, or, in the Alternative, for a Transfer of Venue. *See* Dkt. No. 278. Plaintiff requests that this Court enter an order staying all proceedings in this action until the United States Judicial Panel on Multidistrict Litigation ("JPML") rules on the motion filed by interim lead counsel in *In re Navistar Maxxforce Engines Marketing, Sales Practices & Prods. Liab. Litig.*, MDL No. 2590, to reconsider the JPML's previous decision to decline to transfer this case to the Northern District of Illinois so that it may be coordinated with other cases involving similar facts and claims. Plaintiff asks, in the alternative, this Court to transfer the case to the Northern District of Illinois of its own accord under 28 U.S.C. § 1404(a).

For the reasons explained below, the Court DENIES the motion.

**Background**

Plaintiff filed this action against Defendants on April 24, 2013. *See* Dkt. No. 1.

1

The Court issued its scheduling order on January 31, 2014, setting the case for a jury trial on the Court's two-week docket beginning February 17, 2015. *See* Dkt. No. 26.

Defendants later sought to have the case transferred to a Multidistrict Litigation ("MDL") docket and, on October 10, 2014, filed an Emergency Motion To Stay Proceedings Pending Rulings by the Judicial Panel on Multidistrict Litigation MDL. No. 2590. *See* Dkt. No. 76; Dkt. No. 278-4. Plaintiff opposed this case's transfer to an MDL docket, among other reasons, "due to its advanced procedural posture," Dkt. No. 278-3; *see also* Dkt. No. 278-5; Dkt. No. 281 at 24-25 of 26, and opposed Defendants' motion to stay, *see* Dkt. No. 82. The Court denied the motion to stay on October 17, 2014. *See* Dkt. No. 96.

Defendants filed their Motion for Summary Judgment in this case on November 17, 2014. *See* Dkt. No. 113.

On December 12, 2014, the JPML issued its Transfer Order in MDL No. 2590, in which the JPML decided not transfer this case to an MDL docket, noting:

> Plaintiff in the Northern District of Texas *Ross Neely* action, listed on Schedule B, opposes inclusion of that action in any centralized litigation due to its advanced procedural posture. Navistar concedes that exclusion of the *Ross Neely* action may be warranted, but several plaintiffs argue that all the actions, including *Ross Neely*, should be centralized.
> ....
> We conclude that the Northern District of Texas *Ross Neely* action listed on Schedule B should not be included in the centralized proceedings. Discovery in that action has reached an advanced stage, and trial is set to begin just over two months from now (though counsel represented at oral argument that this date could be pushed back somewhat). Pretrial activities in the *Ross Neely* action thus are nearing completion, and its inclusion in the MDL will unnecessarily delay the resolution of that action. Any discovery obtained in the *Ross Neely* action can be made available to the parties in the centralized proceeding.

2

Dkt. No. 278-3.

On January 7, 2015, following very active motion practice regarding discovery matters, the Court entered an Order Continuing Trial and Modifying Scheduling Orders, which extended the discovery deadline to April 30, 2015, along with various expert-related deadlines, and continued the trial setting to United States District Judge Barbara M.G. Lynn's two-week docket beginning June 15, 2015. *See* Dkt. No. 159.

On March 4, 2015, on Plaintiff's opposed motion, the Court extended (and compressed) several expert-related deadlines, with the intention of preserving the June 15, 2015 trial setting. *See* Dkt. No. 210.

On March 6, 2015, Plaintiff filed its response to Defendants' Motion for Summary Judgment [Dkt. No. 113], after several extensions of the response deadline. *See* Dkt. No. 218. On March 20, 2015, Defendants filed their reply in support of their Motion for Summary Judgment, which is now ripe for decision. *See* Dkt. No. 234.

As of today, the discovery deadline remains April 30, 2015, and trial is still set for June 15, 2015. *See* Dkt. No. 159.

On April 21, 2015, after suggesting in an April 14, 2015 telephone conference with the Court that such a motion may be coming, Plaintiff filed its Emergency Motion for a Stay of the Proceedings, or, in the Alternative, for a Transfer of Venue. *See* Dkt. No. 278. Plaintiff's motion explains that interim lead counsel in MDL No. 2590 filed a motion with the JPML on April 20, 2015, seeking "to transfer this case to the Northern District of Illinois so that it may be coordinated with other cases involving

3

similar facts and claims" and that the JPML "recently issued an accelerated briefing schedule to ensure that the matter will be briefed and heard" by May 28, 2015. *Id.* at 1, 4; *see also* Dkt. No. 278-2. In support of its stay request, Plaintiff asserts:

> As the Court knows, this case involves hotly contested and heavily litigated issues of law and fact, and ongoing discovery—including expert discovery—and motion practice related thereto. Many if not most of these issues, and much of this discovery, will be duplicated and litigated in the MDL. The sole purpose of this motion is to avoid unnecessary duplication of effort and expenditure of time and resources by the courts and the parties, and promote the "just and efficient" conduct of this litigation. *See* 28 U.S.C. § 1407(a); see also Fed. R. Civ. P. 1 (noting that the Federal Rules should be construed to secure the "just, speedy, and inexpensive determination of every action and proceeding").
> 
> ....
> 
> This case was the sole exception [to the JPML's decision to transfer all then-pending related cases]. Ross Neely initially opposed the inclusion of this case in the MDL, as it had "advanced farther than any of the other actions." The Panel agreed, concluding that "the *Ross Neely* action … should not be included in the centralized proceedings." But as the Court knows, this matter is no longer scheduled to be tried in February. Moreover, the transferee judge overseeing the MDL—Judge Joan B. Gottschall—has jump-started the coordinated proceedings by setting forth a number of deadlines for discovery, briefing, and the filing of a consolidated master complaint. Given the accelerating pace of the MDL, Judge Gottschall inquired whether *Ross Neely*'s exclusion from the MDL still "makes the most sense."
> 
> In addition, Ross Neely is currently: (i) preparing to take depositions of additional Navistar representatives and experts, all of which would be a common benefit to the other cases pending in the MDL; (ii) preparing to file yet another motion to compel production and for sanctions against Navistar for failing to comply with the Court's Order Granting in Part and Denying in Part Plaintiff's Motion to Compel Production from Defendants, Motion to Overrule Objections and Motion for Sanctions (Dkt. No. 126); and (iii) facing the likelihood that it will be forced yet again to seek a continuance of the trial of this case as a result of Navistar's continued failure and refusal to make full and complete production of those documents sought by Ross Neely and ordered by the Court to be produced.1 Accordingly, Ross Neely now believes that coordination with the other cases in the MDL would minimize the costs of litigation for all parties, and would also preserve judicial resources.

4

Dkt. No. 278 at 1-4 (citations and footnotes omitted). Plaintiff explains that it "previously opposed being brought into the MDL because of its impending trial setting (then set in February of 2015) and because of the advanced stage of its discovery," but that, "[w]ith the MDL Court now revisiting why Ross Neely has not been included in the MDL and faced with the likelihood of additional delays in this matter, Ross Neely has withdrawn its opposition to being included in the MDL." Dkt. No. 280 at 2.

Plaintiff's motion also contends that, "[a]lthough Plaintiff has consistently avoided seeking a continuance of this matter, Defendants' late and incomplete production of discovery originally requested over one year ago has forced Plaintiff's to seek the original continuance of the trial in this case"; that, "[a]s Plaintiff has rushed to review the more than 1.3 million pages of documents that Defendants produced only after they ordered to do so by the Court, it has become obvious that there is still a significant number of documents missing from Defendants' production, for which Plaintiff will now be forced to seek another order compelling production"; and that, "[a]ssuming the Court will once again order Defendants to produce those documents sought by Plaintiff, said production would likely take place on the eve of the trial of this matter unless Plaintiff seeks yet another continuance in order to complete discovery." Dkt. No. 278 at 4 n.1. Plaintiff asserts that "[a]ll of the issues in controversy in this case and much of this discovery, will be duplicated and litigated in the MDL" and that Plaintiff "is seeking this relief to avoid what is becoming unnecessary duplication of effort and expenditure of time and resources by the courts and the parties, and to promote the just and efficient conduct of this litigation." Dkt. No. 280

5

at 2.

Defendants oppose a stay of proceedings or transfer or venue. *See id*. at 11; Dkt. No. 280. Defendant argues that this emergency motion "is an about-face from the position Plaintiff has consistently held throughout this lawsuit, as a blatant last-ditch effort to avoid the June 15, 2015 trial setting." Dkt. No. 280 at 2. Defendant notes that, "[i]n October 2014, Plaintiff opposed the inclusion of this lawsuit in the MDL which was formed as MDL No. 2590 (the 'MDL') based largely on the amount of discovery that had already occurred, along with the motion practice that had taken place, the Court's familiarity with the case and the fact that it had been pending for 18 months" but, "[s]ix months, 1.3 million pages of document production, numerous depositions and various motions later, Plaintiff now seeks to move this lawsuit into the MDL less than two months before trial, in the middle of expert depositions, nine days before the close of discovery and when Defendants' Motion for Summary Judgment is ripe for ruling" and after "Plaintiff opposed the inclusion of this lawsuit in the MDL and compelled Defendants to expend exorbitant resources on the defense of this lawsuit." *Id*. at 2-3. Defendant contends that "[t]o stay the proceedings at this stage would both prejudice Defendants and reward Plaintiff's manipulation and delay tactics." *Id*. at 3.

Defendants oppose Plaintiff's transfer request as "baseless" and notes that, "[a]s Plaintiff is well aware and has pointed out on numerous occasions, this lawsuit has been pending in this Court for two years and this Court is familiar with the facts, legal issues and specificities involved in the suit." *Id*. at 8. Defendants assert that "[t]o transfer venue at this stage less than two months from trial would create a waste of

time, energy and money both for the Court and the parties, and would cause unnecessary inconvenience and expense." *Id.*

Defendants contend that Plaintiff's emergency motion "is the latest in a series of delay tactics employed by Plaintiff to prevent the Court from ruling on Defendants' Motion for Summary Judgment or proceeding to trial;" that "[t]ransferring the lawsuit to the MDL is no longer an appropriate route as this lawsuit is ready for trial"; and that "[t]here is accordingly no risk of duplication or inconsistent rulings, and the stay and transfer of venue should be denied." *Id.*

## Legal Standards

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The Court therefore has a "discretionary power to stay proceedings before it in the control of its docket and in the interests of justice," *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982). But, although the Court possesses "broad discretion in this area, such control is not unbounded." *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983). "Proper use of this authority 'calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.'" *Id.* (quoting *Landis*, 299 U.S. at 254-55). "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

"In striking this balance when a motion to transfer has been filed before the JPML, district courts generally consider three factors: (1) the potential prejudice to the

non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Esquivel v. BP Co. of N. Am.*, Civ. A. Nos. B-10-236, B-10-227, & B-10-237, 2010 U.S. Dist. LEXIS 110015, at *9 (S. D. Tex. Oct. 14, 2010) (internal quotation marks omitted).

28 U.S.C. § 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." In applying Section 1404(a), the Court must first determine "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*"). Once this initial determination is made, the Court

> turn[s] to the language of § 1404(a), which speaks to the issue of "the convenience of parties and witnesses" and to the issue of "in the interest of justice." The determination of "convenience" turns on a number of private and public interest factors, none of which [is] given dispositive weight. The private concerns include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law.

*Id.* (citations omitted).

Transfer of venue under Section 1404(a) is at the Court's discretion, considering

"'[a]ll relevant factors to determine whether or not on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum.'" *El Chico Restaurants of Texas, Inc. v. Carroll*, No. 3:09-cv-2294-L, 2010 WL 2652286, at *2 (N.D. Tex. June 29, 2010) (quoting *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989)).

A plaintiff's original choice of forum is entitled to some deference, which dictates that the moving party must "demonstrate[] that the transferee venue is clearly more convenient." *In re Volkswagen of America, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) ("*Volkswagen II*"). But, while a plaintiff's choice of forum "should be respected" unless "the transferee venue is clearly more convenient," Plaintiff's "choice of forum ... is not an independent factor within ... the § 1404(a) analysis." *Id.* at 314 n.10, 315. Rather, as noted above, "a plaintiff's choice of venue is to be treated as a burden of proof question." *Id.* at 314 n.10 (internal quotation marks omitted). But, where a plaintiff is the movant seeking a Section 1404(a) transfer, courts have explained that "the burden should be at least as heavy on a plaintiff who seeks to change the forum that he or she had selected as it is when the defendant is the moving party," although, "[a]t the same time, as with all Section 1404(a) determinations, the particular circumstances surrounding the transfer motion must be considered by the district judge." *United Galvanizing, Inc. v. Imperial Zinc Corp.*, Civ. A. No. H-08-0551, 2010 WL 4393990, at *3 (S.D. Tex. Oct. 29, 2010) (internal quotation marks and citations omitted)).

The United States Court of Appeals for the Fifth Circuit has required that "[p]arties seeking a change of venue should act with reasonable promptness." *Peteet*,

868 F.2d at 1436 (internal quotation marks omitted). The Fifth Circuit has also recently explained that, in the Section 1404(a) analysis, "[t]he delay associated with transfer may be relevant 'in rare and special circumstances,' and [that the Fifth Circuit has] have found such circumstances present where a 'transfer [of] venue would have caused yet another delay in [an already] protracted litigation.'" *In re Radmax, Ltd.*, 720 F.3d 285, 289 (5th Cir. 2013) (quoting *In re Horseshoe Entm't*, 337 F.3d 429, 435 (5th Cir. 2003); *Peteet*, 868 F.2d at 1436). But the Fifth Circuit clarified that "garden-variety delay associated with transfer is not to be taken into consideration when ruling on a § 1404(a) motion to transfer," for, "[w]ere it, delay would militate against transfer in every case." *Id.*

## Analysis

<u>Motion to Stay Proceedings</u>

In support of a stay pending the JPML's decision on the motion to reconsider its original transfer order, Plaintiff asserts that "[c]ourts in this Circuit routinely grant stays pending a decision by the JPML regarding whether or not to transfer a case"; that "any risk of prejudice is minimized by the JPML's decision to issue an accelerated briefing scheduling, which ensures that the matter will be decided in the next few weeks"; that "[a] stay of the proceedings increase[s] efficiency and consistency, particularly when the transferor court believes that a transfer order is likely and when the pending motions raise issues [] likely to be raised in other cases as well"; that "courts recognize that it makes no sense to continue with proceedings when there is a risk that the court will soon lose jurisdiction over the matter in the near future"; and

"that these considerations merit a stay of the proceedings pending the JPML's decision," because "[s]uch a stay would avoid piecemeal litigation, as well as the needless waste of judicial and party resources." Dkt. No. 278 at 5-6 (internal quotation marks and citations omitted).

The Court disagrees. At this time, this case – after the Court's and the parties' expending considerable resources – is in essentially the same position as it was when the JPML decided in December 2014 not to transfer the case to the MDL court. Trial is less than two months away, as it was then. Defendants' summary judgment motion is now ripe and pending. Discovery will close less than 10 days after the emergency motion's filing. Depositions have been taken throughout this week. And, notwithstanding Plaintiff's explanation for the expected length of and delay involved in a stay, the JPML apparently will not decide the MDL plaintiffs' motion to reconsider until at least May 28, 2015, which is more than a few weeks away but only a few weeks before this case is set for trial.

This Court cannot, and will not attempt to, predict how the JPML will rule on the motion to reconsider its previous decision not to transfer this case. Obviously, "[w]hether a case is to be transferred to an MDL docket is not [this Court's] decision to make." *In re Rolls Royce Corp.*, 775 F.3d 671, 682 (5th Cir. 2014). But the JPML observed then – and this Court observes that it is just as true now – that discovery in this case "has reached an advanced stage, and trial is set to begin just over two months from now" and that "[p]retrial activities in [this] action thus are nearing completion." Dkt. No. 278-3. On the basis of those considerations as the case stood in December

11

2014, the JPML concluded that this case's "inclusion in the MDL will unnecessarily delay the resolution of [this] action." *Id.* And the JPML – anticipating that discovery would go forward in this case, likely in advance of discovery in the MDL docket – noted in its Transfer Order that "[a]ny discovery obtained in the *Ross Neely* action can be made available to the parties in the centralized proceeding." *Id.*

Under these circumstances, the Court concludes that the filing of a motion to reconsider that order does not justify staying discovery or any other proceedings in this matter or holding off on decisions on other pending motions. Neither does the fact that Plaintiff's counsel again invokes the volume of Defendants' document production – which Plaintiff asked for (and then some) – or that Plaintiff may yet file another motion to compel. If such a motion is filed, it may or may not be granted, and, if it is granted, that may or may not justify or require a continuance of the June 15, 2015 trial date. But, even if both of those possible events come to pass, the JPML's December 2014 Transfer Order even expressly contemplated the possibility of a short continuance of the trial date that was then – as it is now – just over two months away, and yet the JPML still determined that this case's inclusion in the MDL docket would unnecessarily delay its resolution. *See* Dkt. No. 278-3.

Under the circumstances laid out above, the Court further finds that a stay would prejudice Defendants in their interest in having Plaintiff's claims resolved sooner than later now that "[t]he expenses that Defendants sought to avoid by including this lawsuit in the MDL have now been incurred." Dkt. No. 280 at 6. At the same time, Plaintiff has shown no hardship and inequity that it will face if the action

12

is not stayed, where Defendants, not Plaintiff, are parties to the other cases pending in the MDL docket and they alone among the parties in this case face, as Plaintiff itself points out, any risk of inconsistent judgments. And, finally, where depositions are currently being taken and almost all completed, and where the Court has already expended significant resources in resolving the motions and disputes in this matter to date, the Court finds that relatively minimal, if any, judicial resources would be saved by avoiding duplicative litigation (such as on summary judgment or challenges to expert witnesses) if the cases are in fact consolidated.

The Court concludes that Plaintiff has failed to justify its eleventh-hour request for a stay, which the Court finds – in the exercise of its judgment and discretion, after weighing all of the competing interests and circumstances – should be, and is, denied.

Motion for a Transfer of Venue

In support of its alternative request for a Section 1404(a) transfer of venue to the Northern District of Illinois, Plaintiff correctly notes that this Court can transfer the case regardless of the JPML's decision on the MDL plaintiffs' motion to reconsider and that this case could have been brought in the Northern District of Illinois, because that is Navistar International's principal place of business. *See* Dkt. No. 278 at 7 & n.3. Plaintiff asserts that "[t]he only remaining question, therefore, is whether the transfer would promote the 'convenience of the parties and witnesses' and serve 'the interests of justice,'" which Plaintiff contends it would. *Id.* (quoting 28 U.S.C. § 1404(a)).

The Court disagrees.

Plaintiff failed to act with reasonable promptness in seeking a change of venue.

*See Peteet*, 868 F.2d at 1436. Again, the case has been pending for almost two years, discovery closes on April 30, 2015, a summary judgment motion is ripe and pending, and trial is set for June 15, 2015. The asserted economies of consolidating pretrial proceedings in this case with those in other cases are, by the terms of Plaintiff's argument, no more true now than last year when Plaintiff opposed transfer to an MDL docket or in the four months since the JPML decided not to transfer this case, during which time Plaintiff has not requested a transfer of venue.

Plaintiff admits that, if the Court transfers the case under Section 1404(a), Plaintiff "will likely file a motion with the transferee judge so that it may join the MDL." Dkt. No. 278 at 7 n.3. The alternative transfer motion appears to be, at its core, an effort to have this Court preempt the JPML's decision.

But, whatever Plaintiff's motivation for now seeking a transfer of venue, it cannot be said that Plaintiff acted with reasonable promptness as to this matter. *See Peteet*, 868 F.2d at 1436 ("Second, Dow's motion to transfer venue would have caused yet another delay in this protracted litigation. Dow's motion to transfer venue was not filed until eighteen months after the case was remanded to the Eastern District of Texas. Parties seeking a change of venue should act with reasonable promptness." (internal quotation marks and citations omitted)); *United Galvanizing*, 2010 WL 4393990, at *3-*5 ("The fact that United Galvanizing waited so long to move to transfer, and did not do so until just over a month before the Texas trial setting, weighs against viewing the motion as motivated by seeking a single forum in which to resolve the claims. The delay in moving to transfer weighs heavily against granting the

14

motion.”); *Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757, 760 (E.D. Tex. 2000) ("Of course, crafty litigants can't ambush their opponents with a tactical Section 1404(a) transfer motion on the eve of trial. A motion to transfer should be made with reasonable promptness. Reasonable promptness? What's that? If a litigant resisting transfer successfully shows the Section 1404(a) transfer motion is a dilatory tactic, or that it would be prejudiced solely because of the delay in bringing the motion, then the litigant moving for transfer has failed to show reasonable promptness in bringing his transfer motion." (internal quotation marks and citations omitted)).

Plaintiff, anticipating this objection, explains that "Navistar may complain that this motion comes too late, but that argument would not consider the MDL context present here. Since all the cases in the MDL share overlapping facts and intersecting legal claims, any costs Navistar expended here necessarily reaped benefits that can be used in other MDL cases as well." Dkt. No. 278 at 8. But that response does not account for, as noted above, Defendants' having an interest in having Plaintiff's claims resolved sooner than later, particularly after the resources that have been expended in this case already to get to the point where pretrial proceedings are rapidly coming to an end. And the JPML itself, again, already noted that costs expended in discovery in this case can reap benefits in the MDL cases without the need for transferring this case into the MDL docket. *See* Dkt. No. 278-3.

The Court finds that Plaintiff's failure to move to transfer with reasonable promptness weighs against granting its Section 1404(a) transfer motion.

Requesting transfer at this late date – apparently for purposes of consolidation

into the MDL docket – would also certainly delay resolution of this already protracted litigation. This, then, appears to be one of the rare and special circumstances in which delay is relevant to the Section 1404(a) analysis and weighs against transfer. *See Radmax, Ltd.*, 720 F.3d at 289; *accord United Galvanizing*, 2010 WL 4393990, at *5 ("This transfer request was on the eve of trial. Before this court reset the bench trial, this case was set for trial on September 23. Trial is now set for November 29. The Illinois litigation was stayed for an extended period and there has been relatively little progress by the parties in that case. This case appears to be the unusual case in which transfer will clearly result in a delay in the trial. To the extent this factor deserves weight, it is, like the other factors, against transfer.").

In the face of these considerations, Plaintiff notes that Defendants themselves once sought transfer to an MDL docket in the Northern District of Illinois, even though the case was then at an advanced stage, and Plaintiff asserts that, "as time has progressed, it has become increasingly clear that transfer will reduce, not increase, the costs of litigation." Dkt. No. 278 at 8. Plaintiff contends that "[e]xperts have just been identified and are soon to be deposed, and this will consume significant time, energy, and cost for all parties"; that "[a]t least some of these costs will need to be duplicated in the MDL, and there is no reason why they should be repeatedly expended in several jurisdictions"; and that there is no "reason why multiple judges should be required to issue rulings on the same questions that are sure to arise in parallel cases." *Id.*

Plaintiff also notes that "[t]he Fifth Circuit has listed a number of additional factors that may be considered, although none are dispositive," which "include the

16

relative ease of access to sources of proof; the availability of " and "compulsory process to secure attendance of witnesses; the cost of attendance for willing witnesses; all other practical problems that make trial of a case easy, expeditious and inexpensive; the administrative difficulties flowing from court congestion; the local interest in having localized interests decided at home; the familiarity of the forum with the law that will govern the case; and the avoidance of unnecessary problems of conflict of law, or in the application of foreign law." *Id.* at 7-8 n.4. Without any explanation or argument, Plaintiff "respectfully submit[s] that all these factors weigh towards the Northern District of Illinois," stating that "that is why Navistar asked the JPML to transfer this case to that venue." *Id.*

Turning to the private and public interest factors that the Fifth Circuit has articulated, the Court finds that these factors are either neutral in the Section 1404(a) analysis here or, on balance, weigh against transfer to the Northern District of Illinois.

As to the relative ease of access to sources of proof, records of both Plaintiff and Defendants have been at issue in this case. *See, e.g.*, Dkt. No. 92; Dkt. No. 246. And, while Navistar International has its principal office in Lisle, Illinois, Plaintiff's principal offices are in Birmingham, Alabama, and Navistar, Inc. has an office in the Northern District of Texas, in Garland, Texas. *See* Dkt. No. 30 at 1; Dkt. No. 32 at 2. But discovery is largely completed in this case because of its advanced stage, and, in any event, "access to business records, given electronic data transfer, is a slight weight on the scale." *United Galvanizing*, 2010 WL 4393990, at *4 (citing *Volkswagen II*, 545 F.3d at 316); *see also Radmax*, 720 F.3d at 288 (explaining that, "as we clarified in

17

*Volkswagen II*, the question is *relative* ease of access, not *absolute* ease of access"). This factor appears to be neutral as between this Court and the Northern District of Illinois.

As to Navistar witnesses who reside or work in Illinois, there may or may not be an advantage to proceeding in the Northern District of Illinois in light of the availability of compulsory process to secure the attendance of witnesses and the cost of attendance for willing witnesses. *But cf. RPost Holdings, Inc. v. StrongMail Systems, Inc.*, No. 2:12-cv-515, 2013 WL 4495119, at *4 (E.D. Tex. Aug. 19, 2013) ("Although the court must consider the convenience of both the party and nonparty witnesses, it is the convenience of non-party witnesses ... that is the more important factor and is accorded greater weight in a transfer of venue analysis.") (internal quotation marks omitted). But, even as to these factors, the Court can give little weight to Plaintiff's simply asserting, without more, that they weigh in favor of transfer where Plaintiff chose to file suit in Dallas, has not previously raised any concerns about trying its case in this Court in light of any costs or other practical problems that make trial of a case easy, expeditious, and inexpensive, and, even now, primarily seeks a stay, not transfer, in the hope of transfer to an MDL docket in which the Illinois court is presiding over consolidated pretrial proceedings but will not, without further action by other courts, itself conduct any trial of a case transferred under Section 1407(a). *See* 28 U.S.C. § 1407(a); *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 28 (1998).

Turning to the public interest factors, the Court again finds that the lateness of this motion's filing negates any weight that might be accorded to administrative difficulties flowing from relative court congestion between this Court and the Northern

District of Texas. Again, this case has certainly received the Court's attention, as the docket reflects, and is set for trial in less two months.

Plaintiff has not explained how there is any issue with this Court's familiarity with the law that will govern the case – which the parties' summary judgment briefing acknowledges to be Texas law – or how transfer to the Northern District of Illinois is necessary to avoid any unnecessary problems of conflict of laws. The Court finds that these factors are either neutral or weigh against transfer. And Plaintiff offers no explanation for how any local interest in Illinois in having the issues in this case decided in that state weighs in favor of transfer in the face of these other considerations.

Finally, courts have held that the existence of related litigation in a transferee court can weigh strongly in favor of transfer. *See, e.g.*, *DataTreasury Corp. v. First Data Corp.*, 243 F. Supp. 2d 591, 594 (5th Cir. 2003). But the Court finds that even this factor does not, on balance, tip the scale in favor of transfer where pretrial proceedings in this case are almost over, where Plaintiff's primary stated interest is in joining this case to the MDL docket for pretrial proceedings, and where the Plaintiff – which is an unusual, though not impermissible, Section 1404(a) movant after having itself selected this Texas forum – waited so long to seek to have this case transferred to be consolidated with the MDL cases. *Cf. United Galvanizing*, 2010 WL 4393990, at *3-*4 (noting that, where "suit originally was brought in the only forum in which several defendants could be joined and some of them thereafter are dropped from the case," "the burden on the plaintiff in justifying transfer should be less than if the initiating

19

party merely has had second thoughts" (internal quotation marks and citations omitted)).

The Court finds that, on balance, this case would not more conveniently proceed in, and the interests of justice would not be better served by transfer to, the Northern District of Illinois and therefore will deny Plaintiff's motion for a transfer of venue under Section 1404(a).

## Conclusion

The Court DENIES Plaintiff's Emergency Motion for a Stay of the Proceedings, or, in the Alternative, for a Transfer of Venue [Dkt. No. 278].

SO ORDERED.

DATED: April 22, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE