**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| ROSS NEELY SYSTEMS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:13-cv-1587-M |
| | § | |
| NAVISTAR, INC. and NAVISTAR | § | |
| INTERNATIONAL  CORPORATION, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Before the Court are Plaintiff's Objections to Magistrate Judge Horan's April 22, 2015

Order, or in the Alternative, for Reconsideration of that Order. [Docket #290].  For the reasons

stated below, Plaintiff's Objections are **OVERRULED**.

On December 12, 2014, the Judicial Panel on Multidistrict Litigation ("JPML") decided

not to transfer this case to an MDL Docket.  On April 20, 2015, counsel in MDL No. 2590 filed a

motion with the JPML requesting that it reconsider its decision and transfer this case to the

Northern District of Illinois.  On April 21, 2015, Plaintiff filed in this Court an Emergency

Motion to Stay Proceedings, or in the Alternative, for a Transfer of Venue [Docket #278],

arguing that a stay awaiting the JPML's decision is in the interest of efficiency, and will avoid

the waste of judicial resources and piecemeal litigation.  On April 22, 2015, Judge Horan filed a

Memorandum Opinion and Order denying the Motion.  [Docket #282].  Plaintiff filed its

objections on May 1, 2015. [Docket #290].

Under Federal Rule of Civil Procedure 72(a), the Court is to modify or set aside any part

of a Magistrate's Order on a nondispositive issue only if it is "clearly erroneous or . . . contrary

to law."  This Court finds that Judge Horan's denial of Plaintiff's Emergency Motion to Stay was neither clearly erroneous nor contrary to law.  Judge Horan correctly observed that "[a]t this time, this case—after the Court's and the parties' expending considerable resources—is in essentially the same position as it was when the JPML decided in December 2014 not to transfer the case to the MDL court."  [Docket #282, p. 11].  Namely, the case is set for trial on June 15, 2015, discovery is closed, depositions were being taken the week the Emergency Motion was filed, and Judge Horan had reason to believe that the JPML would not decide the Motion to Reconsider until at least May 28, 2015.  Given the late stage of the case, Judge Horan correctly found that the competing interests weighed in favor of denying the stay.  *See Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983) (a court's ability to stay a case is discretionary, and calls for a weighing of competing interests to maintain an even balance).  It was Plaintiff that bore the burden of establishing that a stay should be entered, and Plaintiff did not meet that burden.  *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

Neither was Judge Horan's decision not to transfer the case under 28 U.S.C. § 1404(a) clearly erroneous or contrary to law.  Judge Horan properly applied the public and private interest factors to deny the transfer.  The Court notes and agrees with Judge Horan's finding that Plaintiff failed to act with reasonable promptness in filing the Motion to Transfer. This case has been pending for almost two years, and Plaintiff filed its Motion to Transfer less than two weeks before the close of discovery.  *See Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) ("Parties seeking a change of venue should act with 'reasonable promptness.'"). Accordingly, Plaintiff's Objections are **OVERRULED**.

**SO ORDERED**.

May 15, 2015.

**BARBARA M. G. LYNN**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**