IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROSS NEELY SYSTEMS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:13-cv-1587-M-BN |
| | § | |
| NAVISTAR, INC., ET AL., | § | |
| | § | |
| Defendants. | § | |

## ORDER ACCEPTING THE FINDINGS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

After making an independent review of the pleadings, files, and records in this case, and the Findings, Conclusions, and Recommendation of the United States Magistrate Judge dated May 1, 2015, and the objection and response to the objection, the Court finds that the Findings, Conclusions, and Recommendation of the Magistrate Judge are correct and they are accepted as the Findings, Conclusions, and Recommendation of the Court, with the following modification.

The magistrate judge recommended that the Court should disregard any failure-of-essential-purpose theory because it was not pleaded in Plaintiff's Second Amended Original Complaint and was raised first in opposition to the motion for summary judgment. *See* Dkt. No. 289 at 14-15 (citing *De Franceshci v. BAC Home Loans Servicing, L.P.,* 477 F. App'x 200, 204 (5th Cir. 2012)). In its objection, Plaintiff argues that the theory has not been waived because Defendants had fair notice, as demonstrated by their answer in which they state that "Plaintiff's claims fail because

-1-

any alleged nonconformity and/or defect was cured by Navistar or its authorized representatives and thus any warranty associated with the Vehicle has not failed of its essential purpose." *See* Dkt. No. 313 at 6-7 (quoting Dkt. No. 60 at 23, ¶ 178).

"'A properly pleaded complaint must give 'fair notice of what the claim is and the grounds upon which it rests.'" *De Franceshci*, 477 F. App'x at 204 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 698-99 (2009)). "Accordingly, district courts do not abuse their discretion when they disregard claims or theories of liability not present in the complaint and raised first in a motion opposing summary judgment." *Id.* "'[A] pleading ... need not specify in exact detail every possible theory of recovery-it must only 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Globeranger Corp. v. Software AG*, No. 3:11-cv-403-B, 2014 WL 4968053, at *2 (N.D. Tex. Oct. 6, 2014) (citations omitted). However, "if claims or theories 'are nowhere to be found in the complaint,' it would be unfair to require a defendant to defend against such claims or theories that it learns of, for the first time, during summary judgment." *Id.* (quoting *Ashcroft*, 566 U.S. at 698-99).

Defendants respond that Plaintiff's Second Amended Complaint does not allege sufficient facts to put them on notice of a claim that the express warranty failed of its essential purpose. The express warranty required Navistar, Inc. to repair or replace any vehicle parts that proved defective in material or workmanship in normal use and service during the warranty period, and it disclaimed all other remedies, express and implied.

Section 2.719(b) of the Texas Business and Commerce Code "provides that, if a buyer can establish that a limited or exclusive remedy provided in the contract 'fails of its essential purpose,' then the buyer may disregard that term of the contract and pursue remedies to which the buyer otherwise might not have recourse." *Berge Helene Ltd. v. GE Oil & Gas, Inc.*, 830 F. Supp. 2d 235, 271 (S.D. Tex. 2011) (abrogated on other grounds) (citations omitted). "The 'failure of essential purpose' exception to the general right of sellers to limit liability under the U.C.C. 'applies most obviously to situations where the limitation of remedy involves repair or replacement that cannot return the goods to their warranted condition. .... In such cases, a limited or exclusive remedy fails its essential purpose if the seller is unwilling or unable to repair the defective goods within a reasonable period of time. Limited remedies have also been found to fail of their essential purpose where the limited remedy would cause plaintiffs to lose the 'substantial value of their bargain,' or when defects in the goods are latent and not discoverable on reasonable inspection." *Id.* (citations omitted).

There is no failure of essential purpose if the seller repairs or replaces the warrantable defects and the buyer subsequently accepts the truck. *See Admiral Constr. & Maintenance, Inc. v. Cummins, Inc.*, 527 F. App'x 499, 503 (6th Cir. 2013) (affirming summary judgment); *Lankford v. Rogers Ford Sales*, 478 S.W.2d 248, 251 (Tex. Civ. App. – El Paso 1972, writ ref'd n.r.e.) (affirming summary judgment).

In its Second Amended Original Complaint, Plaintiff alleged that the trucks were frequently repaired, that Navistar, "Inc. failed and/or refused to make repairs

sufficient to correct the defects, " and the that "underlying problems" with the trucks have not been "fixed." *See* Dkt. No. 30 at 17, 18. The express warranty was to repair or replace parts that were defective in material or workmanship, not to correct the alleged underlying design defects in the engine. Throughout its complaint, Plaintiff alleges a design defect and asserts that, despite numerous repairs, the design defect was not corrected. Plaintiff does not allege that Navistar, Inc. willfully failed or refused to make repairs or that it was dilatory, careless, or negligent in its compliance with the terms of the express warranty. Nor does Plaintiff allege unanticipated circumstances that prevented Navistar, Inc. from providing Plaintiff the remedy to which the parties had agreed. Instead, Plaintiff alleged that the repair or replacement of parts under the limited warranty could not "fix" the underlying design defect.

The Court concludes that Plaintiff did not assert a claim for failure of essential purpose of the express warranty, and Defendants were not put on notice of that claim in the Second Amended Original Complaint. Accordingly, Plaintiff waived that claim and cannot raise it for the first time in response to Defendants' Motion for Summary Judgment.

**IT IS, THEREFORE, ORDERED** that the Findings, Conclusions, and Recommendation of the United States Magistrate Judge, as modified, are accepted.

**SO ORDERED** this 28 day of May, 2015.

BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE