UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROSS NEELY SYSTEMS, INC. | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 3:13-cv-01587-M |
| | § | |
| NAVISTAR, INC., AND NAVISTAR | § | |
| INTERNATIONAL CORPORATION | § | |

**JOINT STATUS REPORT REGARDING SEALING OF ORDER
ON MOTIONS TO EXCLUDE CERTAIN EXPERT TESTIMONY OF
DAVID F. MERRION AND TIMOTHY S. TINDALL**

On May 29, 2015, the United States Magistrate Judge entered the Order on Motions to Exclude Certain Expert Testimony of David F. Merrion and Timothy S. Tindall (the "Expert Order"). *See* Doc. No. 334. In accordance with the Expert Order and the Standing Order on Non-Dispositive Motions Requiring Pre-Motion Conference and Joint Status Report entered on February 13, 2015 (the "Standing Order"), counsel for Defendants Navistar, Inc. ("Navistar") and Navistar International Corporation ("NIC") conferred with counsel for Plaintiff Ross Neely Systems, Inc. ("Ross Neely"). Plaintiff and Defendants hereby make and file this Joint Status Report regarding the sealing of the Expert Order.

**I.
INFORMATION REQUESTED BY THE COURT**

1. **Names of the Attorneys who Participated in the Conference**

    For Plaintiff: Elizabeth Basden

    For Defendant: Tyler Stuart

2. **The Date on Which the Conference was Held and the Amount of Time during which the Parties Conferred**:

    Email Communications: June 4 and 5, 2015

3. **The Matters that were Resolved by Agreement**

   None.

4. **The Specific Matters that Need to be Heard and Determined by the Court**

   The parties were ordered to set forth their views on whether the Expert Order [Doc. No. 334] contains any confidential information subject to the Agreed Protective Order and should remain sealed.

5. **A Detailed Explanation of why Agreement could not be Reached as to those Matters**

   PLAINTIFF'S STATEMENT:

   Plaintiff believes that both Tindall and Merrion's reports and any orders regarding those reports or motions to exclude should remain sealed, as were both depositions of the experts. As Defendants have argued before this court and others, the facts here are specific to this case. Both experts' reports are heavily fact specific, and both Tindall's and Merrion's reports deal with Plaintiff's business practices and confidential information regarding pricing, drivers, mileage, etc. That information is not relevant to the "public's right to know." Therefore, both reports and orders regarding those reports should remain sealed.

   Further, for only the second time in this litigation, Defendants have reversed its general position on sealing records in this matter, presumably because Defendants see the Order at issue as favorable to Defendants. Previously, Defendants have argued against disclosure at all, citing opposing case law to that it cites now. *See the Joint Status Reports regarding Defendants' Motion, and First and Second Amended Motions to Designate as Restricted the Depositions of James L. Hebe and Philip Tindell,* and the *Joint Status Report regarding sealing the Magistrate's Findings, Conclusions, and Recommendation regarding the Defendants' Motion for Summary Judgment.*

The case law cited by Defendants in this Joint Status Report regarding the public's right to access judicial records is accurate regarding trial proceedings, but is not relevant to this Order. In *United States v. Holy Land*, the Fifth Circuit stated that a court may deny access to records if the records sought to be revealed are to be used for improper purposes. 624 F.3d 685, 689 (5th Cir. 2010). Both Plaintiff and Defendants i) designated the depositions of Merrion and Tindell RESTRICTED but Defendants did not seal their Motion to Exclude Merrion's testimony (in violation of their own Protective Order); and ii) all parties designated the Motions/Responses to Exclude Tindell's Expert Testimony as RESTRICTED.  The Court issued the Order under seal, responding to the parties' clear intent on restriction. Thus, the only parties who can violate the Agreed Protective Order are Defendants when they want to use the information therein to their advantage--in this case, as a chilling effect upon the numerous other plaintiffs lining up to pursue claims against Defendants.

Now Defendants--presumably because they view the relief granted and the findings therein to be favorable to Defendants--wish to reverse their previous position as set forth in the depositions and Agreed Protective Order and have the Order unsealed.  As before, Defendants play with the terms in the Protective Order and wish it to protect Defendants when its suits them (as in filing a Motion to Show Cause to hold counsel in contempt when the information contained might be considered negative to Defendants) and revealing the information when it suits them to do so.  (When it appeared that non-parties Miller and Weisbrod might have used the Hebe Deposition in violation of the Agreed Protective Order, counsel for Defendants' email asked who he would be asking "the Court to hold in contempt.")

This Court rightly issued the Order under seal because it referred to deposition testimony that had been restricted--by the parties' own actions--and this Court should follow that presumption and keep the Order under seal.

DEFENDANTS' STATEMENT:

The Expert Order does not contain any confidential information subject to the Agreed Protective Order and therefore, should not remain sealed.

Generally, the public has a common law right to inspect and copy judicial records. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). The Fifth Circuit has found that there is a "strong presumption that all trial proceedings should be subject to scrutiny by the public." *U.S. v. Holy Land Found. for Relief and Dev.*, 624 F.3d 685, 690 (5th Cir. 2010). However, "[a] court may deny access to records if the records become a vehicle for improper purposes." *Id.* at 689 (5th Cir. 2010) (citing *Nixon*, 435 U.S. at 597-98). "Nevertheless, a court must use caution in exercising its discretion to place records under seal." *Id.* at 689-90 (citing *Fed. Sav. & Loan Ins. Corp. v. Blain*, 808 F.2d 395, 399 (5th Cir. 1987). The party seeking to seal court documents has the burden of establishing that the presumption of public records should be overcome. *Bianco v. Globus Med., Inc.*, 2014 U.S. Dist. LEXIS 95079, at *2 (E.D. Tex. July 14, 2014).

Plaintiff has provided no legitimate reason to seal the Expert Order. The Magistrate Judge requested the parties "[set] forth their views on whether [the Expert Order] contains any confidential information **subject to the Agreed Protective Order** in this case and should remain sealed." Doc. No. 334, pp. 21-22 (emphasis added). . Plaintiff instead focuses its argument on the experts' reports which are not at issue here. The Court has only requested the parties' views on whether the Expert Order should be sealed. Without pointing to specific sentences that contain confidential information, Plaintiff cannot overcome the presumption of that the Expert

Order should be public. Plaintiff has not and cannot identify any portion of the Expert Order which contains confidential information subject to the Agreed Protective Order. In fact, the information Plaintiff does identify as "confidential" in its position statement – Plaintiff's business practices and information regarding pricing, drivers, mileage, etc… – is not actually confidential because the source for this information was never deemed "restricted" pursuant to the Agreed Protective Order. Moreover, the categories identified by Plaintiff are not mentioned in the Expert Order, with the exception of the average mileage per year that the Navistar trucks were driven. This is plainly not confidential, as Plaintiff has never taken that position during the two years since this suit was filed. Plaintiff's motives are transparent in seeking to seal an adverse order that could be used in Daubert motions in other cases. But whether an expert has been previously excluded is a proper consideration in a Daubert motion, and that information should be made available in the interest of justice – particularly where, as here, there is no confidential information weighing in favor of sealing the Expert Order.

Plaintiff relies on an argument that the expert reports are fact specific and should remain sealed. This argument is nonsensical – this lawsuit is no more fact specific than every lawsuit. To the extent that an expert should be admissible in this case and not another, or vice versa, facts can be distinguished in Daubert motions. Facts of a lawsuit are not a factor to consider when a court considers whether documents should be filed under seal. The sole issue is whether the Expert Order contains confidential information that has been restricted by the parties. The Court made this clear when it stated "[t]he Court will enter this order under seal because the Expert Reports of David F. Merrion and Timothy S. Tindall are under seal. The parties are ORDERED to file a joint status report by June 5, 215 setting forth their views on whether this order contains any confidential information subject to this case and should remain sealed." No such

confidential information is contained in the Expert Order. Therefore, the Expert Order should be unsealed.

        Respectfully submitted,

        */s/ Jeffrey S. Patterson*
        **JEFFREY S. PATTERSON**
        Texas State Bar No. 15596700
        jpatterson@hdbdlaw.com
        **TYLER G. STUART**
        State Bar No. 24056391
        tstuart@hdbdlaw.com

        **HARTLINE DACUS BARGER DREYER LLP**
        8750 N. Central Expressway, Suite 1600
        Dallas, Texas 75231
        Telephone:     (214) 369-2100
        Telecopier:    (214) 369-2118

        **ATTORNEYS FOR DEFENDANTS**
        **NAVISTAR, INC. AND NAVISTAR**
        **INTERNATIONAL CORPORATION**

**BASDEN & IVIE**
A Professional Corporation

*/s/ Elizabeth Basden*
**ELIZABETH BASDEN**
State Bar No. 24034317
Eli@basdenivie.com
17300 Dallas Parkway, Suite 3160
Dallas, Texas 75248
972-381-87 (Telephone)
972-248-9405 (Facsimile)

**ATTORNEYS FOR PLAINTIFF**
**ROSS NEELY SYSTEMS, INC.**

## **CERTIFICATE OF SERVICE**

  I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all known counsel of record via CM/ECF notification on this the 5th day of June, 2015.

             */s/ Jeffrey S. Patterson*
             **JEFFREY S. PATTERSON**